JOHN BARR *vs.* THE BARTRAM & FANTON MANUFACTURING COMPANY.

Certain pro rata advances by the stockholders of a manufacturing company were, by the vote of the company, to be allowed and paid as debts "if the

company should become bankrupt and discontinue business." Held to mean a bankruptcy in the legal sense, and not merely such financial embarrassment as obliged the company to discontinue business.

ASSUMPSIT, for money advanced, and on an account stated ; brought to the Superior Court in Fairfield County. The facts were found by a committee, and the case reserved for the advice of this court. The case is fully stated in the opinion.

*Taylor*, for the plaintiff.

*Booth* and *Tweedy*, for the defendants.

PARDEE, J. At a meeting of the stockholders of the defendant corporation, held on the 15th of March, 1869, the following resolutions were passed, viz :

" 1. That a committee of three stockholders be appointed by this meeting, who shall be known as the board of redemption, to whom at least twelve per cent. on the capital stock of $350,000 can be paid for the purpose of paying off at least $26,000 of the present indebtedness of said company ; but said board of redemption shall not pay off any part of said indebtedness until the sum of $36,000 is paid into their hands in cash ; and should the said amount of $36,000 not be paid into their hands on or before the 15th day of April, 1869, then the amounts paid in by said contributors shall be refunded to them at once by said board of redemption; and should the above amount of $36,000 be paid in as above provided, then of this sum the sum of $10,000 shall be applied to the working capital of the company, and the balance shall be applied to the payment of the present indebtedness of the company.

" 2. That each stockholder paying to the company twelve per cent. in cash on the amount of capital stock by him owned shall receive from the company a receipt signed by the committee of redemption in behalf of said company, promising to repay to each of said stockholders the said sum by them respectively paid as above, with six per cent. interest on the same, said payments to be made only when the net earnings of said company shall be sufficient to pay all the other

indebtedness of the company, and in case. said company should become bankrupt and discontinue business, then said receipts shall be allowed and paid as debts against said company out of the balance remaining after all the other present debts of said company shall have been provided for.

"3. That said board of redemption be and is hereby empowered to call a general meeting of the stockholders on the 20th day of April, 1869, at which meeting said board of redemption shall make their report of what amount of moneys they have received, with the names and amounts subscribed by each contributor."

On the 15th of May, 1869, the plaintiff, a stockholder in the corporation, paid to the board of redemption the sum of $2,340, being twelve per cent. upon the stock owned by him, which money was paid and received under and in pursuance of the foregoing resolutions. The full sum of $36,000 was paid in, and applied in part to the payment of debts of the corporation existing on the 15th of March, 1869, and in part to the working capital.

The plaintiff took the receipt specified in the second resolution for the money thus paid, and in July, 1874, brought this action of assumpsit to recover the same with interest. He concedes that the net earnings of the corporation have never been sufficient to pay all of its other indebtedness, and that no right of action had accrued to him at the time of suit brought, unless it accrued by virtue of the clause in the second resolution, which provides that "in case said company should become bankrupt and discontinue business, then said receipts should be allowed and paid as debts of said company out of the balance remaining after all the other present debts of said company shall have been provided for."

The plaintiff contends that under this clause an action accrued to him if the company became so embarrassed and so destitute of credit and means as to be obliged to discontinue business. He also contends that the words "other present debts of the company," meant the debts of the company at the date of the resolutions, March 15, 1869, and that after the debts of that date were paid, his receipt became a

preferred debt, to be paid in preference to all debts subsequently incurred.

The defendant, on the other hand, contends that the clause contemplated a winding up of the affairs of the company by a proceeding in bankruptcy under either national or state authority, in the event of which proceeding, and in which event only, these receipts were to be " allowed and paid as debts."

A corporation is bankrupt, in the legal sense of that term, when it has done or suffered to be done some act which is by law declared to be an act of bankruptcy, or when proceedings in bankruptcy have been instituted by or against it; and, upon consideration of the report, we are led to put this legal interpretation upon the words used in the clause in question.

In regard to the matters of fact involved in this issue, the finding is that " the company has never become bankrupt in the legal sense of that term, under either national or state laws; that is, there have been no proceedings in bankruptcy by or against the company, and there was no evidence before the committee of any act of bankruptcy." And again : " The committee can not therefore, and does not, find that the company was at the time of the bringing of the plaintiff's suit unable to pay its just debts in full. It had then, however, exhausted its means of credit, so that it was unable to proceed in its business, and it had then, for want of means and credit, wholly discontinued its business, and was preparing for dissolution by disposing of all its property, and with the avails of the sale, paying all its acknowledged liabilities, including a provision intended for the payment of the plaintiff's demand in suit, if that demand should, upon investigation in court, be adjudged well founded."

The event upon which alone the plaintiff could base his right to institute this suit has not happened; we therefore advise the Superior Court to render judgment for the defendant.

In this opinion the other judges concurred.